**Elvira CHAPA, Individually and as Next Friend for Julian Victor Chapa, Appellant,**

v.

**CLUB CORPORATION OF AMERICA, et al., Appellees.**

**No. 3–87–034–CV.**

Court of Appeals of Texas, Austin.

Sept. 23, 1987.

Michael A. Wash, Austin, for appellant.

Richard F. Jacobs, Austin, for Club Corp. of America and Hill Country Golf, Inc. d/b/a, Lost Creek Country Club and Bill Fitzpatrick.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

ABOUSSIE, Justice.

This is an appeal from a summary judgment granted in favor of appellees, Club Corporation of America, Hill Country Golf, Inc., d/b/a Lost Creek Country Club and the Club manager Bill Fitzpatrick (all hereinafter referred to as the Club). We will reverse the judgment of the trial court and remand the cause for a trial on the merits.

Julian Chapa, fifteen years of age, was employed in the kitchen of the Club. On August 1, 1983, at the request of the kitchen manager, John Gulliksen, Chapa and several co-workers volunteered to work in the kitchen on a day the Club was closed, installing shelves and cleaning the kitchen area. At least one other minor was among the workers. While the employees were not paid for their work that day, there was evidence that they were told that beer would be available as their compensation and, in fact, beer was available for their consumption. Gulliksen permitted all the workers to drink beer except the other minor. Appellant alleged that the Club furnished Julian beer which he drank while working at the Club for several hours and that thereafter he left the Club driving his vehicle while intoxicated, had an accident and sustained injuries.

Julian Chapa's mother, Elvira Chapa, brought suit individually and as her son's next friend alleging that appellees had both a statutory and common law duty not to serve her son alcohol, since he was a minor, and that their negligent breach of this duty proximately caused Julian's accident and resulting injuries, for which the Chapas sought damages. Appellees moved for summary judgment on the ground that they owed no legal duty to the Chapas under the facts alleged, and that even if such a duty did exist, that they had no actual knowledge of Julian's minority status which could give rise to a cause of action. The trial court granted summary judgment, and it is from this judgment that the Chapas appeal.

Appellants' point of error on appeal is that the trial court erred in granting the summary judgment because appellees had a legal duty not to furnish Julian alcoholic beverages, actual knowledge of Julian's intoxication was not a prerequisite to their cause of action and a genuine issue of material fact exists which precludes summary judgment. We will sustain the point of error.

The standards for reviewing a summary judgment are well-settled:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor.

*Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548–9 (Tex.1985); *see also, City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979); and *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589 (Tex.1975).

■■■ The unexcused violation of a statute constitutes negligence as a matter of law if the statute was designed to prevent injury to a class of persons to which the injured party belongs. *Nixon v. Mr. Property Management, supra.* This rule includes the unexcused violation of a penal statute. *Murray v. O & A Express, Inc.,* 630 S.W.2d 633 (Tex.1982). Civil liability can arise by the plaintiff's demonstrating the violation of a reasonable standard of conduct established by a criminal statute. *El Chico Corp. v. Poole, et al. and Joleemo, Inc., et al. v. Evans, et al.,* 732 S.W.2d 306 (Tex.1987) (hereinafter cited as *El Chico* ).

Section 1.03 of the Alcoholic Beverage Code states the purpose of the Code to be "the protection of the welfare, health, peace, temperance, (sic) and safety of the people of the state," and requires that it shall be liberally construed. Tex.Alco.Bev. Code Ann. § 1.03 (1978). The Texas Supreme Court recently affirmed that the Code as a whole was enacted to protect the safety of the general public as well as the specific class described in a particular section of the Code. *El Chico, supra.*

Appellants assert that appellees are negligent due to their unexcused violation of Tex.Alco.Bev.Code Ann. § 106.06 (1978), which provides:

(a) ... a person commits an offense if he purchases an alcoholic beverage for or *gives or knowingly makes available an alcoholic beverage to a minor."*

(emphasis added). At the time of Julian's accident, a person was a minor within the meaning of the Code if less than nineteen years of age. Tex.Alco.Bev.Code Ann. § 106.01 (1986).

There is no dispute that Julian Chapa was a minor on the date in question, though he had misrepresented his true age on several occasions, that alcoholic beverages were made available to him and that the Club manager knew that he consumed a quantity of the beer while working at the Club. As a minor, Julian was a member of the class of persons sought to be protected by § 106.06, and the Club manager was the person who made the beer available for the workers to consume, including the minor Julian Chapa. Appellees offer no excuse for violation of the statute, other than that the appellees had no *actual* knowledge of Julian's minority.

Section 106.06 is not limited to the sale of alcohol to minors nor does it contemplate economic benefit on anyone's part. It does not require that the minor become intoxicated, nor does § 106.06 speak to the relationship, if any, between the minor and the one furnishing the alcohol, whether master-servant, social host-guest or friends. The statute simply prohibits anyone from furnishing liquor to any minor, the very limited exception being the minor's adult parent, spouse or legal custodian but even then only so long as that adult person "is visibly present when the minor possesses or consumes" the alcohol. Tex.Alco.Bev.

Code Ann. § 106.06(b) (1978). No other exceptions are provided by the code.

Appellees claim that the sole purpose of § 106.06 is to protect minors from the evils and vices associated with alcohol, such as moral corruption and possible criminal activity, and not from the type of accident such as Julian Chapa experienced.

To support their argument, appellees cite *Goldsticker v. Ford,* 62 Tex. 385 (1884), in which the court addressed a statute which was a predecessor of § 106.06. The statute stated:

> "Any person who shall knowingly sell or give or cause to be sold or given, any spirituous, vicious or intoxicating liquor to any other person under the age of twenty-one ... shall be fined not less than $25.00 nor more than $100.00." Tex.Pen.Code art. 376 (1881).

The Supreme Court in *Goldsticker* stated:

> "The statute was evidently enacted for the purpose of shielding youths of the country from associations and influences which [the warnings of the past show are likely to] lead them into dissipation, corrupt their morals, and start them, perhaps, on a course of life that leads to vice and even crime to which they would not tend but for hurtful association."

*Id.* at 390. It is not inconsistent with *Goldsticker* to note that the current statute, by its terms, prohibits the furnishing of liquor to a minor by purchasing it for him, by giving it to him or by making it available for him to obtain, for the obvious purpose of limiting a minor's ability to possess and likewise consume alcohol with the goal of protecting the minor's welfare, health, peace, temperance and safety. Indeed, if Julian did leave the Club driving his vehicle while under the influence of alcohol, he committed a criminal offense as a result of his association at the Club, as anticipated under *Goldsticker,* and endangered his safety, held to be a foreseeable risk under *El Chico.*

Appellees argue that even if § 106.06 could impose a legal duty for the benefit of Julian Chapa, their summary judgment proof established as a matter of law that appellees did not have actual knowledge of Julian's minority, and, therefore, they had no duty not to serve him alcohol. In effect, appellees claim they can serve alcohol to anyone unless they have actual knowledge of an employee's age and that they have no obligation to determine the age of their youthful employees, although there are legal implications related to such fact in addition to those in issue here. Appellants counter with the argument that the question of knowledge as to Julian's minority goes to the issue of whether there was a breach of a duty, and not to the issue of whether a duty exists.

■ Without discussing whether *actual* knowledge is required before a duty can even arise, as appellees assert, we hold that appellees failed to establish as a matter of law their claim that they did not have actual knowledge of Julian's minority. Therefore, summary judgment based upon the trial court's finding that appellees did not have actual knowledge of Julian's minority was error.

Appellees' summary judgment proof was that Julian never used his I.D. to establish his age while on the Club's premises; that Julian's supervisor, John Gulliksen, did not permit another minor to consume alcohol; and that at all relevant times Gulliksen believed Julian to be of legal age to drink alcohol because the two of them at times drank together socially while off duty.

Appellant's response to the motion for summary judgment included summary judgment evidence that the Club had notice that Julian was a minor. By deposition, Julian testified that he told Gulliksen that he was seventeen years old. Also, on Julian's job application to Victor Temporaries, through which he was hired by the Club and which was on record at the Club, Julian represented his age to be eighteen. Even though these representations by Julian were false, Julian's testimony and his job application are some evidence that appellees had actual knowledge of Julian's minority and create a contested issue of material fact.

■ Appellees failed to satisfy their burden to prove that as a matter of law there

are no genuine issues of material fact. *Wilcox v. St. Mary's University of San Antonio, Inc., supra.* In our review, we take as true any evidence favorable to the non-movant, resolve all doubts concerning existence of material facts against the movant and consider all evidence in the light most favorable to the non-movant. Finally, if a motion for summary judgment involves the credibility of affiants or deponents, the motion may not be granted. *Bernhard v. Kerrvile Ind. School Dist.,* 547 S.W.2d 685 (Tex.Civ.App.1977), *rev'd on other grounds,* 562 S.W.2d 844 (Tex.1978).

■ Julian testified on deposition that he told Gulliksen that he was seventeen. For purposes of summary judgment review, this statement must be taken as true. Gulliksen denied the fact. Questions as to the credibility of the witnesses are for the jury and not to be determined by summary judgment. From this evidence alone, there is a genuine issue of material fact as to whether the appellees or their agents had actual knowledge of Julian's minority.

Since we hold that a genuine issue of material fact exists, summary judgment was improper. We therefore must reverse the judgment and remand the cause for trial on the merits.