George BOYD and Carol Boyd, Individually, and as Representatives of the Estate of William Neal Boyd, Deceased and Robert Kruse, Appellants,

v.

FUEL DISTRIBUTORS, INC., Individually, and d/b/a Pay–less Store No. 643, Appellees.

No. 3–89–184–CV.

Court of Appeals of Texas, Austin.

Aug. 8, 1990.

Rehearing Overruled Oct. 17, 1990.

Jeff E. Rusk and Francis Y. Pan, Shields & Rusk, Austin, for appellants.

Beverly Willis Bracken, Naman, Howell, Smith & Lee, P.C., Waco, for appellees.

Before POWERS, CARROLL and ABOUSSIE, JJ.

ABOUSSIE, Justice.

This is an appeal from a summary judgment. We will affirm the judgment of the trial court.

The summary judgment record reveals that on February 23, 1988, eighteen-year-old Robert Kruse, along with eighteen-year-old Neal Boyd, drove to a "Pay-less" convenience store owned and operated by appellee. Kruse and Boyd entered the store, and Kruse purchased a twelve-pack of beer. The store clerk, Yvonne Peeler, did not ask Kruse for proof of his age. Kruse and Boyd returned to Boyd's apartment where they spent the next hour drinking the beer and playing board games. Kruse drank six beers. During this time, their girlfriends and two other friends arrived to visit; however, none of them drank. Kruse and Boyd decided to purchase more beer. While Boyd remained at the apartment, Kruse and his girlfriend, Kristi Roberts, drove to the Pay-less store. Roberts remained in the car while Kruse entered the store alone and purchased a six-pack of beer from Peeler. When Kruse and Roberts returned to the apartment, Boyd and Kruse resumed their drinking and visiting for the next hour and a half. Kruse and Boyd consumed no alcohol other than that Kruse had purchased at the Pay-less store.

Roberts received a call from a former boyfriend during this time which upset Kruse. Kruse and Boyd then decided to go for a drive. Kruse does not remember who made the decision, but one of the friends at the apartment, Tiffany West, stated in an affidavit that Kruse insisted on going for a drive and that Boyd agreed to go out of concern for Kruse. Boyd drove his car, and Kruse rode as a passenger. Boyd lost control of his vehicle and collided with an embankment. The car vaulted into a tree, killing Boyd and severely injuring Kruse. Subsequent tests showed that Boyd's blood alcohol level was .14, and that Kruse's was .17.

Appellants sought recovery on several grounds. The first was for the alleged violation of Tex.Alco.Bev.Code Ann. §§ 2.01–2.03 (Supp.1990).[1] These statutes

---

**1.** Section 2.02(b) provides:

Providing, selling, or serving an alcoholic beverage may be made the basis of a statutory cause of action under this chapter ... upon proof that:

(1) at the time the provision occurred it was apparent to the provider that the individual being sold, served, or provided with an alcoholic beverage was obviously intoxicated to the extent that he presented a clear danger to himself and others; and

(2) the intoxication of the recipient of the alcoholic beverage was a proximate cause of the damages suffered.

Section 2.03 provides:

The liability of providers under this chapter for the actions of their customers, members, or guests who are or become intoxicated is in lieu of common law or other statutory law warranties and duties of providers of alcoholic beverages.... This chapter provides the exclusive

create a cause of action based upon providing, selling, or serving an alcoholic beverage to one who is obviously intoxicated when the recipient's intoxication is a proximate cause of damages. Because neither boy had been drinking before the first purchase, this statutory action could arise only in connection with the second beer purchase. The second cause of action was for negligence, based upon facts appellants claim entitle them to recover for violation of Tex.Alco.Bev.Code Ann. § 106.03(a) (Supp.1990).[2] This statute makes it an offense to sell an alcoholic beverage to a minor if the sale is committed with criminal negligence. A "minor" is defined in the Code as a person under twenty-one years of age. Section 106.01.

Appellee moved for summary judgment on several grounds. First, it contended that the proof established that when Kruse made the second purchase he was not, nor did he appear to be, obviously intoxicated to a dangerous extent. Second, it argued that although Kruse was the recipient of the alcohol, *Kruse's intoxication* could not have been the proximate cause of any damages because Boyd was the driver of the car. Appellee claimed that the summary judgment record established that there was no issue of material fact regarding these essential elements of the appellants' cause of action pursuant to section 2.01 *et seq.* Finally, appellee argued that any action pursuant to section 106.03(a) is barred because section 2.02 creates the exclusive remedy for one damaged by the provision of an alcoholic beverage to a person eighteen years of age or older. Section 2.03. The trial court rendered summary judgment in appellee's favor.

■ When a defendant moves for summary judgment without asserting an affirmative defense, it bears the burden of showing that no genuine issue of material fact exists as to at least one element of each of plaintiff's causes of action and that it is entitled to judgment as a matter of law. *Gray v. Bertrand,* 723 S.W.2d 957,

958 (Tex.1987); *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970); *Manoogian v. Lake Forest Corp.,* 652 S.W.2d 816, 818 (Tex.App.1983, writ ref'd n.r.e.). On appeal of a summary judgment that does not confine itself to any legal theory urged in the motion, an appellant must show that each of the independent arguments advanced in the motion is insufficient to support the judgment. *Tilotta v. Goodall,* 752 S.W.2d 160, 161 (Tex.App. 1988, writ denied). In deciding whether there is a disputed material fact issue, we will take as true all evidence favorable to the non-movant and will resolve any doubt and make every reasonable inference in favor of the non-movant. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

As appellants state in their brief, in order to recover under section 2.02 they must prove:

1. That at the time the alcohol was provided to the recipient it was apparent to the provider that the individual being sold, served, or provided with an alcoholic beverage was obviously intoxicated to the extent that he presented a clear danger to himself and others [§ 2.02(b)(1)]; and,

2. The intoxication of the recipient of the alcoholic beverage was a proximate cause of the damages suffered [§ 2.02(b)(2)].

■ By their second point of error, appellants complain that the trial court erred in rendering summary judgment because the record shows that two genuine issues of material fact remain in dispute with respect to this statutory cause of action, those being: (1) whether Kruse appeared to appellee obviously intoxicated to the dangerous extent required; and (2) whether recipient Kruse's intoxication was a proximate cause of appellants' injuries.

In their first contention, appellants argue that there is a material fact issue as to whether Kruse appeared to Peeler to be

cause of action for providing an alcoholic beverage to a person 18 years of age or older.

**2.** Section 106.03(a) provides:

A person commits an offense if with criminal negligence he sells an alcoholic beverage to a minor.

obviously intoxicated to a dangerous extent when he made his second beer purchase. In support of its motion, appellee produced deposition testimony from Kruse in which he described what he believed to be his condition at the time. He stated, "my speech wasn't slurred, and I guess I was walking all right." He also stated that he had no trouble driving to the store. Appellee argues that Kruse's testimony establishes as a matter of law that when he purchased beer the second time he did not appear obviously intoxicated to the extent that he presented a clear danger to himself and others. Kruse further testified, however, that at the time of the purchase he had consumed six beers in an hour, that he was feeling the effects of the alcohol, and that he was intoxicated when he made the purchase. The record does not contain any evidence from Peeler as to what she observed or what had been apparent to her. It is silent on how Kruse appeared or how he conducted himself while in the store. Contrary to appellee's position, Kruse's testimony alone does not establish as a matter of law the absence of a genuine issue on this element of appellants' claim. Kruse may not have believed that his speech or coordination were impaired despite his intoxication, but his belief about the matter does not conclusively prove the fact to be true, nor does it prove how he appeared to others, particularly Peeler.

In response to the motion, appellants submitted an affidavit from Dr. Maurice Dennis, an expert on the physical effects of alcohol. Dennis stated that upon his review of the "facts," in his opinion, Kruse would have displayed physical manifestations of intoxication. Appellants also submitted affidavits from West and Roberts. West stated that "Robert Kruse was 'lit'

and showing signs of intoxication" as exhibited by the smell of alcohol on his breath, by talking and laughing loudly, by acting overly silly and rowdy, and by his exaggerated movements. Roberts stated that Kruse was "overly affectionate, to the point of being silly; he also acted rowdy and loud and had been repeating himself and was not talking clearly." None of these witnesses were present in the store at the time of the purchase.

The proof establishes that Kruse was intoxicated and that he may have exhibited signs of that fact when he made his second purchase. Nevertheless, appellee insists that it met the burden of proof required to sustain summary judgment. To do so in light of proof that Kruse was intoxicated, appellee was required to prove conclusively that Kruse was not obviously intoxicated to the extent that he presented a clear danger to himself and others or at least to prove that the fact was not apparent to Peeler. However, the record fails to establish conclusively that Kruse's intoxicated condition was not obvious; alternatively, that if he were obviously intoxicated, it was not to the extent that he presented a clear danger to himself and others; or finally, that if he were obviously intoxicated to that extent, that his condition was not apparent to Peeler. Thus, we hold that the summary judgment may not be sustained on this basis.[3]

Appellants next argue that the trial court erroneously granted summary judgment on the basis that Kruse's intoxication was not a proximate cause of the damages they suffered. They resisted the motion below and complain on appeal that proximate cause is a fact issue for the jury to determine and that appellee failed to prove con-

---

**3.** Appellee objected to the conclusory nature of several statements contained in the West and Roberts affidavits. Although we do not decide whether any of these objections have merit, we note that we have not relied on the allegedly objectionable statements made in the affidavits in reaching our conclusion on this issue. Furthermore, appellee objected to the Dennis affidavit on the ground that he did not state that Kruse actually and obviously exhibited characteristics of intoxication, or presented a clear danger to others.

However, because we must draw every reasonable inference in favor of the non-movant, appellee's contention is untenable. This Court may draw an inference that Kruse may have been obviously intoxicated from Dennis' affidavit, taking as true the fact that a medical expert has the ability to extrapolate facts from Kruse's blood alcohol level at the time of the accident. This sort of proof is no different from the testimony routinely given in medical malpractice cases by non-treating doctors. *See* Tex.R.Civ. Evid.Ann. 703 (Pamph.1990).

clusively that recipient Kruse's intoxication was not a proximate cause of their injuries.

In its motion for summary judgment, appellee alleged that Kruse was the only one of the two boys who purchased and was provided alcohol and, therefore, that Kruse was the recipient of the alcohol whose intoxication must be proven to be a proximate cause of appellants' damages. Section 2.02(b)(2). Appellants did not dispute these facts. Instead, in the trial court and in their brief in this Court, they admit that Kruse was the recipient; that his intoxication must be a proximate cause of their damages; and that they had the burden to prove that fact in order to recover under the statute. Appellants' brief states that "[t]he intoxication of Robert Kruse must be a proximate cause of Plaintiffs' damages" and also states that "[a]ppellants must establish that the intoxication of Robert Kruse, *the recipient* of the alcoholic beverage, was a proximate cause of the damages suffered." (Emphasis added.)

■ In their amended supplemental brief, appellants argue for the first time that Boyd also was *a recipient* of the alcoholic beverages within the meaning of the statute because he drank the beer, even though he was not the one to whom appellee sold the alcohol. They now suggest that the judgment should be reversed because there remains a third disputed issue of material fact as to whether recipient Boyd's intoxication was a proximate cause of their injuries, and contend that appellee did not prove conclusively that it was not. Issues not expressly presented to the trial court may not be considered on appeal as grounds for reversal of a summary judgment. *State Bd. of Ins. v. Westland Film Industries*, 705 S.W.2d 695, 696 (Tex.1986); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.1979); *Combs v. Fantastic Homes*, 584 S.W.2d 340, 343 (Tex.Civ.App.), writ ref'd n.r.e., 596 S.W.2d 502 (Tex.1979); Tex.R.Civ.P. Ann. 166a(c) (Supp.1990).

■ Furthermore, proof that Boyd's intoxication was a proximate cause of the accident would not entitle appellants to recover under the statute. Even assuming appellants may assert their argument on appeal, we believe it is clear from reading the statute that *the recipient* referred to in section 2.02(b)(2), whose intoxication must be shown to be a proximate cause of the damages for which a provider may be held accountable, is *the obviously intoxicated individual* referred to in section 2.02(b)(1) to whom the provider sold, served, or provided alcohol despite the fact that the recipient's dangerous condition was apparent. Appellants state as much in their first brief. Appellants note the statute is designed to hold providers accountable for serving alcohol to those persons obviously intoxicated to the extent of being dangerous. A provider who nevertheless sells or provides alcohol to such an individual despite his condition can be held liable for the damages caused thereafter by that recipient's intoxication. The Texas Supreme Court earlier noted that the statute creates a civil remedy for persons injured by a licensee's intoxicated patron. The Court also recognized that the statutory remedy requires an onerous burden of proof. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 314 (Tex.1987).

■ In addition, appellants have admitted that in order to recover they must prove that Kruse's intoxication was a proximate cause of the damages; therefore, conclusively proving that it was not would entitle appellee to judgment. Thus, we must decide only whether appellee conclusively proved as a matter of law that Kruse's intoxication could not be a proximate cause of the alleged damages. Appellee contends that Kruse's intoxication could not be a proximate cause of any damages because Boyd had been driving the automobile and his operation of the vehicle, not Kruse's intoxication, was necessarily the cause of the accident and the resulting damages.

■ Proximate cause consists of two elements: that the act or omission was a cause-in-fact of the plaintiff's damages and that it was foreseeable to a reasonable person that such act or omission would lead to a result of the general character as the one that obtained. *El Chico*, 732 S.W.2d at

313. Appellants initially contend that the question of proximate cause is a question of fact for the jury. While this is generally true, proximate cause may be established as a matter of law if the circumstances are such that reasonable minds could not arrive at a different conclusion. *Missouri Pac. R.R. Co. v. American Statesman*, 552 S.W.2d 99, 104–05 (Tex.1977); *Friedan v. Pan Tex Hotel Corp.*, 653 S.W.2d 365, 367 (Tex.App.1983, no writ).

Appellee claims that Kruse's intoxication was not a cause-in-fact of the accident and resulting damages and that his intoxication could not foreseeably have led to the accident. To constitute a cause-in-fact, the act or omission in question must be a substantial factor in bringing about injury and without which no harm would have been incurred. *Brown v. Edwards Transfer Co.*, 764 S.W.2d 220, 223 (Tex.1988); *American Statesman*, 552 S.W.2d at 103.

██ We hold that Kruse's intoxication could not be a cause-in-fact of the automobile accident and resulting damages. Boyd was operating his own vehicle at the time of the accident. Kruse was a passenger. There was no suggestion that anything Kruse did interfered with his operation. Boyd lost control of his car and hit an embankment. This was the cause-in-fact for the accident and the resulting injuries. Kruse's intoxication played no part in bringing about the wreck.

Appellants claim that Kruse's intoxication could have been a cause of the accident if, due to his impaired state, Kruse persuaded Boyd to go for a ride despite their intoxicated condition and did not recognize the seriousness or danger of doing so. In other words, appellants insist that but for Kruse's intoxication, Boyd would not have been driving. While this may be true, this could not have been a cause-in-fact of the car hitting the embankment because the accident could have occurred if Kruse had nothing to drink that night. An act or omission cannot be a substantial factor in bringing about harm if the harm would have been sustained regardless of the act. *Texas & Pac. Ry. Co. v. McCleery*, 418 S.W.2d 494, 497 (Tex.1967).

Appellee proved that, although Boyd's intoxication may have been a cause-in-fact of the accident, Kruse's intoxication was not. Further, because Boyd was not the recipient in question, his intoxication was not a material fact required to be proven that would preclude summary judgment.

Appellants also suggest that the accident was reasonably foreseeable because it was foreseeable that in his impaired state Kruse might share the alcohol he obtained with a friend who then might drive and cause an accident. We need not consider this argument. Because appellee conclusively proved that Kruse's intoxication was not a cause-in-fact, it could not have been a proximate cause of the injuries.

Appellants cite three cases from other jurisdictions in which the sale of alcohol was held to be the proximate cause of injury under similar circumstances. *Morris v. Farley Enter., Inc.*, 661 P.2d 167 (Alaska 1983); *Brookins v. The Round Table, Inc.*, 624 S.W.2d 547 (Tenn.1981); *Freeman v. Finney*, 65 N.C.App. 526, 309 S.E.2d 531 (1983). Recovery under the Texas statute, however, requires proof that the recipient's intoxication is a proximate cause of damages, and the provider cannot be held liable otherwise. Thus, in order to succeed on the merits, appellants must prove that Kruse's intoxication was a cause-in-fact of their damages. To sustain the summary judgment, appellee must have proven conclusively that it was not. Although proximate cause rarely is a basis for summary judgment, we believe appellee sustained its burden. We will overrule appellants' second point of error.

Appellants argue in their third point of error that the trial court erroneously granted summary judgment precluding a common law cause of action based on the violation of Tex.Alco.Bev.Code Ann. § 106.03 because material fact issues exist as to whether with criminal neglect appellee sold Kruse alcohol in violation of the statute and whether this violation proximately caused their injuries. Appellants rely upon *El Chico* and this Court's holding in *Chapa v. Club Corp. of America*, 737 S.W.2d 427 (Tex.App.1987, no writ), to support their

argument that a common law right of action arises from a violation of section 106.03 in addition to any statutory remedy. Appellee moved for summary judgment on the ground that section 2.03 establishes the exclusive remedy for providing alcohol to any person eighteen years of age or older. Appellants argue that if this statute sets out their exclusive cause of action, then section 2.03 violates the open courts provision of the Texas Constitution and the equal protection clauses of the United States and Texas Constitutions.

■■■ Section 2.03 establishes that the liability of providers under sections 2.01–2.03 for actions of their intoxicated customers is in lieu of the common law or other statutory duties imposed on alcoholic beverage providers. It further states "[t]his chapter provides the exclusive cause of action for providing an alcoholic beverage to a person 18 years of age or older." Boyd and Kruse were both eighteen years old at the time of the accident, but were classified as minors under the Code. This Court has previously considered a minor plaintiff's cause of action for negligence in which he alleged that he suffered damages proximately caused by the providing of alcohol to a minor in violation of section 106.06 of the Alcoholic Beverage Code. *Chapa,* 737 S.W.2d 427 (legal age nineteen; plaintiff seventeen when furnished alcohol). Appellants contend that a similar common law cause of action arises from the sale of alcohol to a minor under section 106.03 as well, and that section 2.03 cannot restrict their right to seek relief. By its terms, chapter 2 of the Alcoholic Beverage Code, enacted June 1, 1987, did not govern actions arising before its effective date of June 11, 1987, and thus did not control the disposition of *El Chico* (decided June 3, 1987) or of *Chapa.* 1987 Tex.Gen.Laws, ch. 303, § 9, at 1675. It was in effect on the date here in question, however. Thus, we must determine whether the disposition of this case depends upon the enactment of section 2.03.

Appellants' only analysis as to whether they are entitled to recover for common law negligence despite the passage of section 2.03 is that section 106.03 overlaps with chapter 2 of the Code. They note that section 106.03 governs the sale of alcoholic beverages to minors, while section 2.03 governs the provision of alcoholic beverages to intoxicated persons. They further argue that the Legislature did not intend by enactment of chapter 2 to eliminate any common law causes of action. We may not ignore the Legislature's express statement that chapter 2 is the exclusive cause of action for providing alcoholic beverages to a person eighteen years of age or older and that it is in lieu of any other statutory or common law duty of providers. Thus, we hold that chapter 2 means what it says and that it sets forth the exclusive cause of action for providing alcohol to a person eighteen years of age and older.

■■■ Appellants next argue that if chapter 2 is the exclusive cause of action, then it violates article 1, section 13 of the Texas Constitution by restricting access to the courts. This section provides that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." A strong presumption exists that a valid legislative enactment is constitutional. *Vinson v. Burgess,* 773 S.W.2d 263, 266 (Tex.1989). The burden to prove otherwise is on the party attacking the constitutionality of the enactment. *Texas Public Bldg. Auth. v. Mattox,* 686 S.W.2d 924, 927 (Tex.1985).

■■■ To establish that a statute violates the open courts provision, one must show that he has a cognizable common law cause of action that the Legislature has restricted. *Sax v. Votteler,* 648 S.W.2d 661, 665–66 (Tex.1983). A cause of action is "cognizable" when it is "well-established" and "well-defined" under the common law. *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 355 (Tex.1990); *O'Quinn v. State Bar of Texas,* 763 S.W.2d 397, 404 (Tex.1988); *Sax,* 648 S.W.2d at 665–66; *Lebohm v. City of Galveston,* 154 Tex. 192, 275 S.W.2d 951, 953 (1955). Second, the proponent must show that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Lucas v.*

*United States,* 757 S.W.2d 687, 690 (Tex. 1988); *Sax,* 648 S.W.2d at 666.

Appellants argue that section 2.03 restricts the negligence cause of action based on section 106.03 that they claim was implicitly recognized in *Chapa.* They argue that *Chapa* recognized a civil action for damages arising from providing alcohol to a minor in violation of section 106.06, that section 106.03 is a similar statute, and that section 2.03 abolished that cause of action for minor persons aged eighteen, nineteen, and twenty. They contend that *Chapa* did not create a cause of action, but that it instead recognized that in 1987 the Supreme Court in *El Chico* created a civil cause of action accruing any time a penal statute set forth in the Alcoholic Beverage Code is violated. They further contend that the cause of action existed even before the Texas Supreme Court decided *El Chico,* because *El Chico* merely affirmed the lower court decisions that allegedly recognized the principle. *See Evans v. Joleemo, Inc.,* 714 S.W.2d 394 (Tex.App.1986); *Poole v. El Chico Corp.,* 713 S.W.2d 955 (Tex. App.1986). At best, then, the remedy appellants seek had not been established or recognized until two years before their accident.

■■■ In *El Chico,* the Supreme Court held that section 101.63 establishes a standard of conduct for alcoholic beverage providers, and that the violation of such a standard can create civil liability for damages. *El Chico,* 732 S.W.2d at 312. It premised this holding upon its determination that section 101.63 was enacted to protect a particular class of persons to which the plaintiff belonged and that it was designed to prevent the type of injury that occurred. *Id.* The Court did not hold that the violation of every penal statute contained in the Alcoholic Beverage Code creates a cause of action. *See Walker v.*

*Children's Hosp. Svcs., Inc.,* 751 S.W.2d 717, 720 (Tex.App.1988, writ denied) (*El Chico* was common law negligence action; the Supreme Court used statute only as policy justification for recognizing a duty). Indeed, it could not have done so because the determination of negligence per se necessarily turns on whether a particular statute protects a certain class of persons from a certain class of injuries. *Nixon,* 690 S.W.2d at 549. The violation of a penal statute does not always constitute negligence per se; a court must adopt the particular penal statute as the applicable standard of care. *Carter v. William Sommerville & Son, Inc.,* 584 S.W.2d 274, 278–79 (Tex.1979). Furthermore, the civil courts have the power to accept or reject the criminal statute or use part of it as the court deems appropriate. *Carter,* 584 S.W.2d at 279; *Rudes v. Gottschalk,* 159 Tex. 552, 324 S.W.2d 201, 204–05 (1959).

■■■ In *Chapa,* this Court reversed a summary judgment in favor of an alcoholic beverage provider because there was a disputed fact issue as to whether the provider had knowledge that the person served was a minor. In doing so, we held that this was a material fact issue because under the doctrine of negligence per se, section 106.-06 defined the standard of care for providers. Until *Chapa,* no Texas court had considered the question of common law liability for furnishing alcohol to a minor in violation of section 106.06. In making our decision, we followed the Supreme Court's rationale in *El Chico.* We are not aware that any Texas court has held that the violation of section 106.03 constitutes negligence per se that would support a civil cause of action for its violation.[4]

We also note that the alleged common law cause of action cannot be well-defined and well-established for eighteen-year-olds merely because of their status as minors,

<hr/>

4. A former statute provided for suit against a liquor permittee's bond if the permittee breached its obligations. Thus, recovery could be had under this statute for the sale of alcohol to a minor. Tex.Rev.Civ.Stat. art. 5060g (1895). *See Price v. Wakeham,* 48 Tex.Civ.App. 339, 107 S.W. 132 (1908, no writ). The general rule throughout the country had been that "a minor who has been served liquor by a licensed estab-

lishment may not recover for injuries to himself, at least in the absence of a civil damage law, or of inclusion within the category of persons protected thereby; nor can recovery be had on the basis of common-law negligence or application of the doctrine of strict liability." 48A C.J.S. Intoxicating Liquors § 433, at 144 (1981).

because the Legislature has at times and in recent years classified persons of this age as adults. Appellants do not dispute that the Legislature has the power to declare and to alter the age at which a person may legally obtain alcohol. Appellants claim that eighteen-year olds have a well-defined and well-established cause of action arising from prohibited sales of alcohol to them. However, from 1973 to 1981, persons aged eighteen years old and older were not deemed to be minors but, instead, were considered adults for purpose of the sale, service, and providing of alcohol. 1973 Tex.Gen.Laws, ch. 626, § 2 at 1723. During that period, appellants could not have asserted any common law action for violation of section 106.03 even if the action were recognized. Although the cause of action *may* be well-defined and well-established for minors generally (a question we do not reach), one who would claim that the Legislature has violated the open courts clause must show that *he* has a well-recognized common law cause of action that is being restricted. *Moreno,* 787 S.W.2d at 355. That a plaintiff may be considered periodically, but not intrinsically, part of a class that itself has a common law cause of action is insufficient to satisfy this standard.

Thus, we fail to see how the relief appellants seek constitutes a well-defined and well-established cause of action.

In addition, appellants must show that the Legislature deprived them of any adequate substitute to obtain redress for their injuries. *Lucas,* 757 S.W.2d at 690; *Sax,* 648 S.W.2d at 667. Appellants contend that section 2.03 unreasonably and arbitrarily denies them the right to recover when a provider sells alcohol to an eighteen, nineteen, or twenty-year-old minor in violation of the law. Appellants allege that they are left with no substitute cause of action.

This contention lacks merit. Section 2.02 is their substitute remedy in the event of providing alcohol to an intoxicated minor in this age group. There is no substitute provided for selling alcohol to a minor eighteen and older who is not intoxicated. Appellant's contention that the Legislature restricted an action for selling alcohol to older minors is correct to the extent that a plaintiff must allege and prove that the minor was obviously intoxicated and that his intoxication caused damages. However, appellants do not state why this is either arbitrary or unreasonable.

We note further that the limitation for liability as to unintoxicated eighteen-year olds is not arbitrary or unreasonable when balanced against the statute's purpose. The statute's goals include the need to curtail the provision of alcohol to those persons considered incapable of responsible drinking and to permit liquor sellers to sell alcohol to those considered capable of making a responsible decision whether to drink, without facing liability for such sales. Any restriction in appellants' cause of action is not unreasonable or arbitrary in this light. With respect to administration of alcohol laws, the Legislature in the past has seen fit to regulate the conduct and protect the interests of older minors differently from younger ones. In 1973, the legal age of majority was set at age eighteen for most purposes, including establishment of the legal age under the Alcoholic Beverage Code. It remains eighteen for many purposes, lower for others. As noted above, in 1981, the definition of a minor under the Code was amended to include those under nineteen so that the legal age was raised from eighteen to nineteen. 1981 Tex.Gen. Laws, ch. 107, § 8, at 257. In 1985, the age again was raised to twenty-one. 1985 Tex.Gen.Laws, ch. 285, § 8, at 1327. However, this latter act was undertaken for the express purpose of avoiding the cut-off of federal highway maintenance funds. *Id.,* § 1. The 70th Legislature, the same one that allegedly unconstitutionally restricted appellants' cause of action, again expressly reaffirmed its preference for lowering the age by enacting legislation providing that if the Attorney General certifies in the Texas Register that the United States Government has repealed its state drinking age requirement, the legal age in Texas under the Code will revert automatically to age nineteen. 1987 Tex.Gen.Laws, ch. 495, § 5, at 2110 [amending 1985 Tex.Gen.Laws,

ch. 285, § 16, at 1328]. Therefore, minors aged nineteen and twenty would have adult status today but for the existence of a federal statute related to highway funds.

To treat young people aged eighteen, nineteen, and twenty in a distinct way differently from younger minors for liquor liability purposes is not unreasonable or arbitrary in the first instance and is within the purview of the Legislature. We are not asked to decide the wisdom of such decision. We will overrule appellants' third point of error because of these facts and because appellants do not offer an argument as to why such a restriction is unreasonable or arbitrary.

In their amended supplemental brief, appellants also argue that section 2.03 violates the equal protection clauses of the United States and Texas Constitutions. Appellants did not present this contention to the trial court in their response to the motion for summary judgment or in any way raise the issue below. As a result, this issue cannot serve as a ground for reversal. *Clear Creek Basin Auth.*, 589 S.W.2d at 677; Tex.R.Civ.P.Ann. 166a(c).

We will affirm the trial court's judgment.

CARROLL, J., not participating.