**Randy SEWELL, Appellant,**

v.

**Frank SMITH, Individually and d/b/a Charley's Angels, Public Storage IX, Ltd., Public Storage Management, Inc., and Public Storage, Inc., Appellees.**

**No. 05-90-01070-CV.**

Court of Appeals of Texas, Dallas.

July 30, 1991.

Rehearing Denied Nov. 15, 1991.

Jerome H. Ferguson, III, Dallas, for appellant.

L. Scot Dailey, Scott D. Weber and Gary S. Kessler, Dallas, for appellees.

Before BAKER, BURNETT and CHAPMAN, JJ.

## OPINION

CHAPMAN, Justice.

Randy Sewell appeals from a summary judgment rendered in favor of Frank Smith, individually and d/b/a Charley's Angels (Smith), Public Storage Properties IX, Ltd. (P.S. Properties), Public Storage Management, Inc. (P.S. Management) and Public Storage, Inc. (P.S. Inc.).[1] In five points of error, Sewell contends that the trial court erred in granting summary judgment for Smith because causes of action against Smith exist (1) under the Dram Shop Act;[2] (2) for negligence; and (3) for negligence per se. In three additional points of error, Sewell contends the trial court erred in granting summary judgment for P.S. Properties, P.S. Management and P.S., Inc. because a cause of action existed for Sewell against them. In his last point of error, Sewell contends the trial court erred in granting summary judgment for P.S., Inc. because there was a fact issue as to whether it was in *de facto* management and control of the property in question.

A key issue on appeal is whether an intoxicated person may bring a first party cause of action against his server of alcohol for his own injuries. This issue presents a case of first impression. We affirm in part and reverse and remand in part.

## FACTS

Sewell alleged that when he was 20, he became intoxicated at Smith's place of business, a bar called Charley's Angels. Smith's bartender served him four pitchers of beer. On his way home, he lost control of his car in a one-car collision and was severely injured. Sewell alleged three causes of action against Smith: (1) negligence; (2) negligence per se; and (3) liability under the Act. The trial court granted a partial summary judgment in Smith's favor on the ground that because the Act provided the exclusive remedy, the negligence and negligence per se claims were preempted by the Act. The trial court later granted final summary judgment in favor of Smith on the remaining cause of action on the ground that there is no cause of action for an intoxicated person to recover for his own injuries.

Against the P.S. Entities, Sewell alleged a cause of action for failing to take reasonable steps to ensure that Smith was not illegally serving alcoholic beverages to minors when the P.S. Entities knew or should have known of the existence of such activities and had the ability and legal right to control these actions. P.S. Properties moved for summary judgment on the ground that Sewell had no cause of action against it. P.S. Management moved for

---

**1.** P.S. Management, P.S. Properties and P.S., Inc. will also be collectively referred to as the P.S. Entities.

**2.** All statutory references to the "Act" are to the Texas Alcoholic Beverage Code Annotated (Vernon Supp.1991) except as otherwise stated.

summary judgment on the ground that it did not owe Sewell a legal duty. P.S. Inc. moved for summary judgment on the ground that Sewell had no cause of action against it, that it owed no duty to Sewell and that it did not own the property at the time of the occurrence in question. The trial court granted the P.S. Entities' motions for summary judgment. At the time of the incident, P.S. Properties was the owner and P.S. Management the manager of the property on which the bar was located. P.S., Inc. was the owner of P.S. Management.

## STANDARD OF REVIEW

■ When reviewing a summary judgment, we apply the following standards:

(1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

(2) In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

(3) Every reasonable influence must be indulged in favor of the non-movant and doubts resolved in his favor.

*Nixon v. Mr. Property Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). A defendant moving for summary judgment assumes the burden of showing as a matter of law that the plaintiff had no cause of action against him. *Citizens First Nat'l Bank v. Cinco Explor. Co.,* 540 S.W.2d 292, 294 (Tex.1976). The defendant must show there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action. *Citizens,* 540 S.W.2d at 294.

## SERVER (SMITH)

### 1. Negligence and Negligence Per Se

■ In his first point of error, Sewell argues that the trial court erred in granting summary judgment for Smith on any of his motions. In his second, fourth and

fifth points of error, Sewell contends that the trial court erred in granting summary judgment for Smith because a cause of action exists for Sewell against Smith for negligence, negligence per se and for serving alcohol to a minor.[3] The trial court held that Sewell had no cause of action against Smith for negligence or negligence per se because the Act provides the exclusive remedy. The Act provides:

§ 2.03 **Statutory Remedy**

The liability of providers under this chapter for the actions of their customers, members, or guests who are or become intoxicated is in lieu of common law or other statutory law warranties and duties of providers of alcoholic beverages. This chapter does not impose obligations on a provider of alcoholic beverages other than those expressly stated in this chapter. *This chapter provides the exclusive cause of action for providing an alcoholic beverage to a person 18 years of age or older.*

TEX.ALCO.BEV.CODE ANN. § 2.03 (Vernon Supp.1991) (emphasis added).

The Austin Court of Appeals decided this contention adversely to Sewell. *See Boyd v. Fuel Distributors Inc.,* 795 S.W.2d 266 (Tex.App.—Austin 1990, writ denied). In *Boyd,* the court held that the legislature meant what it said when it set forth the exclusive cause of action for providing alcohol to an intoxicated person 18 years of age and older. The court said the Act precludes a plaintiff's common law cause of action for negligence. *Boyd,* 795 S.W.2d at 273. We overrule Sewell's first, second, fourth and fifth points of error.

### 2. The Act

■ In point of error three, Sewell contends that the trial court erred in granting summary judgment for Smith because a cause of action existed for Sewell against Smith under the Act. The key issue to resolve is whether an intoxicated person may sue his server of alcohol in a first party action under the Act for injuries he

---

**3.** A cause of action for serving alcohol to a minor was not pleaded in the trial court or argued on appeal as a cause of action separate from negligence per se.

**568**

suffered due to his own intoxication. The Act provides:

§ 2.01 **Definitions**

In this chapter:

(1) "provider" means a person who sells or serves an alcoholic beverage under authority of a license or permit issued under the terms of this code or who otherwise sells an alcoholic beverage to an individual....

§ 2.02 **Causes of action**

(b) ... [P]roviding, selling or serving an alcoholic beverage may be made the basis for a statutory cause of action under this chapter and may be made the basis of a revocation proceeding under section 6.01(b) of this code upon proof that:

(1) at the time the provision occurred it was apparent to the provider that the individual being sold, served, or provided with an alcoholic beverage was obviously intoxicated to the extent that he presented a *clear danger to himself* and others; and

(2) the intoxication of the recipient of the alcoholic beverage was a proximate cause of the damages suffered.

TEX.ALCO.BEV.CODE ANN. §§ 2.01, 2.02 (Vernon Supp.1991) (emphasis added). Section 2.02(b) speaks in terms of a statutory cause of action for selling an alcoholic beverage. The statute focuses its intent and express wording on the conduct of the "provider" of the alcoholic beverage. ALCO.BEV.CODE ANN. § 2.02(b). Nowhere in the statute does it preclude an action by the intoxicated person against the server for the intoxicated person's own injuries. The statute shows a legislative concern for the well-being of the intoxicated person in that it speaks of the person being a clear danger *"to himself* and others." ALCO.BEV.CODE § 2.02(b)(1) (emphasis added). The statute, by its very wording, indicates that the legislature may have contemplated a cause of action for the intoxicated person against the server. Further, the Texas Supreme

Court has indicated that, at least at common law, there was such a cause of action. The Court suggested the same when it said, in dicta:

The duty [referring to the duty to exercise reasonable care to avoid forseeable injury to others] is the same whether the forseeable injury involves *the drunkard himself* or a third party who may be placed in peril because of the drunkard's condition.

*See El Chico Corp. v. Poole,* 732 S.W.2d 306, 312 (Tex.1987) (emphasis added). In any case, the statute does not definitely exclude such a cause of action. We hold that an intoxicated person does have a cause of action for his own injuries against the server of alcohol under the Act.[4]

Smith argues that the language "to himself and others" was not meant to create a cause of action for the intoxicated person. Smith contends that this language was merely "lifted" from the public intoxication statute. *See* TEX.PENAL CODE ANN. § 42.-08(a) (Vernon 1989). Smith argues that if the legislature intended to create such a cause of action, they would have provided for it in express language.

We are to liberally construe section 2.02 to achieve its purpose and to promote justice. TEX.GOV'T CODE ANN. § 312.006 (Vernon 1988). Although the intended plaintiffs are not clearly delineated under the Act, we hold that there is a first party cause of action under the Act. We sustain Sewell's third point of error.

### LANDOWNER

■ In his sixth, seventh and eighth points of error, Sewell contends that the trial court erred in granting summary judgment for the P.S. Entities because a cause of action[5] exists for Sewell against the P.S. Entities. It was Sewell's position that the P.S. Entities breached at least three duties owed to him. He contends that the P.S. Entities failed to take reasonable steps to:

---

4. We note that although there is a cause of action, any damages to the intoxicated person may be limited under the Texas Comparative Responsibility Statute. TEX.CIV.PRAC. & REM.CODE § 33.001 (Vernon Supp.1991).

5. We note that Dram Shop liability does not apply to the P.S. Entities as they were not a "provider" of alcohol under the Act. TEX.ALCO. BEV.CODE § 2.01.

(a) protect invitees from harm which could befall them as a result of Smith's alleged criminal activity; (b) control Smith's conduct to prevent him from creating an unreasonable risk of bodily harm to Sewell when the P.S. Entities knew of Smith's activities and knew of the necessity and opportunity for exercising control; and (c) ensure public safety when the P.S. Entities knew or had reason to know and consented to Smith's proposed activity, which would unavoidably involve an unreasonable risk of harm to the public or customers of Charley's Angels. Sewell first contends that the P.S. Entities are liable to him under *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546 (Tex.1985).

In *Nixon*, the owner of an apartment complex retained a management company to operate the complex on his behalf. The owner and the management company failed to maintain the complex in spite of a local ordinance requiring them to do so. Because the window panes and doors were broken, there was easy access to one empty apartment. A child was abducted and taken to the apartment and sexually assaulted. The court recognized that the defendant could be liable for the child's injuries because it failed to comply with a statutory duty to secure vacant structures and prevent unauthorized entry, reversing and remanding for new trial. *Nixon*, 690 S.W.2d at 548.

We distinguish *Nixon* because the P.S. Entities did not have a statutory duty to control Smith's actions. The P.S. Entities did not retain Smith to operate Charley's Angels on their behalf; Charley's Angels was Smith's business. Further, Sewell's injuries were caused by an activity, not a dangerous condition. The P.S. Entities have no liability to Sewell under *Nixon*. None of the P.S. Entities had a statutory duty to act in this case. *Nixon* does not apply.

Sewell also contends that the P.S. Entities are liable to him under sections 318 and 379A of Restatement (Second) of Torts. No Texas cases have adopted these sections. These sections are as follows:

§ 318

If the actor permits a third person to use land or chattels in his possession otherwise than as a servant, he is, if present, under a duty to exercise reasonable care so to control the conduct of the third person as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if the actor

(a) knows or has reason to know that he has the ability to control the third person, and

(b) knows or should know of the necessity and opportunity for exercising such control.

§ 379A

A lessor of land is subject to liability for physical harm to persons outside the land caused by activities of the lessee or others on the land after the lessor transfers possession if, but only if,

(a) the lessor at the time of the lease consented to such activity or knew that it would be carried on, and

(b) the lessor knew or had reason to know that it would unavoidably involve such an unreasonable risk, or that special precautions necessary to safety would not be taken.

Restatement (Second) of Torts §§ 318, 379A (1970). We decline to adopt these sections. We decline to impose liability on the P.S. Entities for failure to supervise Smith in the conducting of his business. We overrule Sewell's sixth, seventh and eighth points of error.

In his ninth point of error, Sewell contends the trial court erred in granting summary judgment for P.S., Inc. because there was a fact issue as to whether it was in *de facto* management and control of the property. We have already held that there is no duty on the part of P.S., Inc. The issue of whether P.S., Inc. was in *de facto* management and in control of the property in question and this point of error need not be reached in light of our disposition of points of error six through eight.

We affirm the trial court's judgment in favor of Public Storage Properties IX, Ltd.,

Public Storage Management, Inc. and Public Storage, Inc. We reverse the trial court's judgment in favor of Frank Smith, individually and d/b/a Charley's Angels. We remand that cause for further proceedings consistent with this opinion.