Fuller et al v. Maxus Energy 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-239-CV

        MARY ALICE FULLER, ET AL.,
                                                                                       Appellants
        v.

        MAXUS ENERGY CORPORATION, ET AL.,
                                                                                       Appellees

 

From the 74th District Court
McLennan County, Texas
Trial Court # 90-825-3
                                                                                                    

O P I N I O N
                                                                                                    

          This is an appeal from a summary judgment. We will affirm the judgment.
          The summary judgment record reflects that on the evening of June 15, 1988, Terry
Nishimuta, an eighteen-year-old Fort Hood soldier, purchased a quart of beer at a Diamond
Shamrock station in Waco. The store clerk did not require any identification from the under-aged
Nishimuta. Several hours later, while Nishimuta was returning to Fort Hood, his vehicle struck
and killed Sergeant Edward Fuller and Private Ernest Zachary. The soldiers' parents brought
wrongful-death suits against several corporate entities and the manager of the store. 
          Appellants alleged causes of action for common law negligence and negligence per se for
violation of section 106.03(a) of the Alcoholic Beverage Code, which provides:
A person commits an offense if with criminal negligence he sells an alcoholic beverage to
a minor.
Tex. Alco. Bev. Code Ann. § 106.03(a) (Vernon Supp. 1992). A minor is defined as a person
under twenty-one years of age. Id. § 106.01. 
          Appellees moved for a summary judgment on the ground that Chapter 2 of the Alcoholic
Beverage Code—commonly known as the "dram shop act"—provides the exclusive cause of action
for damages based on a sale of an alcoholic beverage to a person eighteen years of age or older. 
See id. §§ 2.01-2.03. The exclusive remedy of Chapter 2 is "in lieu of common law or other
statutory warranties . . . ." Id. § 2.03. 
          Section 2.02 of the Code provides a cause of action against a provider of alcoholic
beverages when "it is apparent to the provider that the individual being sold, served, or provided
with an alcoholic beverage was obviously intoxicated to the extent that he presented a clear danger
to himself and others; and the intoxication of the recipient of the alcoholic beverage was a
proximate cause of the damages suffered." Id. § 2.02(b) (emphasis added). Appellees presented
Nishimuta's deposition testimony as summary-judgment proof that he was eighteen and not
intoxicated when he purchased the quart of beer. Nishimuta testified that he had consumed no
alcoholic beverages before purchasing the beer and was completely sober at the time of the sale. 
Because Nishimuta was not "obviously intoxicated" as required by section 2.02(b)(1), Appellees
moved for a judgment as a matter of law, which the court granted.
          Appellants appeal on six points, alleging the court erred in granting the summary judgment
because: its interpretation of the Alcoholic Beverage Code was incorrect, arbitrary, and
capricious; they were denied their common-law cause of action; they were denied due process and
equal protection under state and federal law; and they were denied protection under the Texas
"open courts" provision.
          In points one through three, Appellants argue that the court's interpretation of Chapter 2
of the Alcoholic Beverage Code is incorrect, arbitrary and unreasonable, and denies them their
common-law cause of action guaranteed by section 5.001 of the Civil Practice and Remedies Code. 
Appellees moved for summary judgment on the ground that Chapter 2 of the Alcoholic Beverage
Code establishes the exclusive remedy for providing alcohol to any person eighteen years of age
or older. Section 2.03 states:
Statutory Remedy
The liability of providers under this chapter for the actions of their customers, members,
or guests who are or become intoxicated is in lieu of common law or other statutory law
warranties and duties of providers of alcoholic beverages. This chapter does not impose
obligations on a provider of alcoholic beverages other than those expressly stated in this
chapter. This chapter provides the exclusive cause of action for providing an alcoholic
beverage to a person 18 years of age or older.

Id. § 2.03 (emphasis added). In contrast, section 106.03(a) prohibits the criminally negligent sale
of alcoholic beverages to a minor—defined as a person under the age of twenty one. Id. §
106.03(a).
          The Austin Court of Appeals, in a case arising from a sale of alcoholic beverages to an
eighteen-year-old, held that an action under section 106.03(a) is barred because Chapter 2 creates
the exclusive remedy for providing alcoholic beverages to a person eighteen years of age of older. 
We may not ignore the Legislature's express statement that chapter 2 is the exclusive cause
of action for providing alcoholic beverages to a person eighteen years of age or older and
that it is in lieu of any other statutory or common law duty of providers. Thus, we hold
that chapter 2 means what it says and that it sets forth the exclusive cause of action for
providing alcohol to a person eighteen years of age and older.
Boyd v. Fuel Distributors, Inc., 795 S.W.2d 266, 273 (Tex. App.—Austin 1990, writ denied)
(emphasis added).
          Appellants' rely on El Chico Corp. v. Poole, 732 S.W.2d 306 (Tex. 1987) and Chapa v.
Club Corp. of America, 737 S.W.2d 427 (Tex. App.—Austin 1987, no writ) for the proposition
that a common-law cause of action for negligence exists separately from the remedy under chapter
2. As noted in Boyd, both El Chico and Chapa were decided prior to the enactment of chapter 2. 
Boyd, 795 S.W.2d at 273. The Texas Supreme Court in El Chico recognized the duty of an
alcoholic beverage licensee—based on common law negligence principles and a violation of section
101.63(a) of the Alcoholic Beverage Code—not to serve alcoholic beverages to a person when the
licensee knows or should know that the patron is intoxicated. El Chico, 732 S.W.2d at 314. The
Court further recognized that the Legislature, the very week El Chico was determined, enacted
the dram shop act creating a civil remedy for persons injured by a licensee's intoxicated patron:
The legislature amended the Alcoholic Beverage Code to include a civil cause of action
against an alcoholic beverage licensee when "at the time . . . [of service] . . . it was
apparent to the provider that the individual being . . . served . . . was obviously
intoxicated to the extent he presented a clear danger to himself and others." Act of June
1, 1987; § 3 (to be codified at Tex. Alco. Bev. Code Ann. § 2.02) (emphasis added). 
The legislature appears to have created a much more onerous burden of proof for an
injured plaintiff than we have in this opinion.

Id.

          Appellants urge us to ignore Boyd and instead follow the reasoning of the San Antonio
court in Beard v. Graff, 801 S.W.2d 158 (Tex. App.—San Antonio 1990, writ granted). On an
en banc rehearing, the majority in Beard recognized a common-law negligence action when a
social host has the exclusive control of the alcohol supply and knowingly serves a guest whom the
host knows to be intoxicated and whom the host also knows will be operating a motor vehicle. 
Id. at 163. Three justices filed separate dissenting opinions.
          Section 2.03 sets out the legislature's clear intent that the dram shop act be the exclusive
remedy for the sale of alcohol to persons eighteen years or older, in lieu of any other statutory or
common law duty. Tex. Alco. Bev. Code Ann. § 2.03. We believe, as does the Austin court,
that Chapter 2 of the Code is the exclusive remedy for damages for providing alcohol to a person
eighteen years of age or older. See id.; Boyd, 795 S.W.2d at 273. We overrule points one
through three.
          Appellants argue that they have a common-law cause of action against Appellees based on
section 106.03 for sale of alcoholic beverages to a person under twenty-one years of age. 
Appellants argue that a holding that the dram shop act is the exclusive remedy for sale of alcohol
to persons eighteen years of age or older will deprive them of their common-law cause of action
in violation of the Texas Open Courts doctrine, due process and equal protection. See U.S.
Const. amend. XIV; Tex. Const. art. 1, §§ 3, 13. 
          Legislation violates the "open courts" provision of article 1, section 13, and is a denial of
due process if its effect is to unreasonably abrogate a recognized right of recovery without
substituting other reasonable remedies. Weibel v. Martin Industries, 806 S.W.2d 345, 346 (Tex.
App.—Fort Worth 1991, writ denied). The right to bring a well-established common-law cause
of action cannot be abrogated by the legislature absent a showing that the legislative basis for the
statute outweighs the denial of a constitutionally guaranteed right of redress. Sax v. Votteler, 648
S.W.2d 661, 665-66 (Tex. 1983). Appellants must show that a cognizable common-law cause of
action is being restricted and that the restriction, balanced against the purpose of the statute, is
unreasonable or arbitrary. See id. at 666.
          We will assume, without deciding, that Appellants have a common-law cause of action
against Appellees for sale of alcoholic beverages to a "minor"—defined by the Alcoholic Beverage
Code as a person under the age of twenty-one. The question then becomes: Did the legislature,
in enacting the dram shop act as the exclusive remedy for sale of alcohol to persons eighteen and
older, unreasonably abrogate Appellants' right of redress? See Weibel, 806 S.W.2d at 346. 
Appellants argue that section 2.03 unreasonably and arbitrarily denies them the right to recover
when a provider sells alcohol to an eighteen-, nineteen-, or twenty-year-old "minor" in violation
of section 106.03.
          We note, as did the Austin court in Boyd, that with respect to administration of alcohol
laws the legislature has seen fit to regulate the conduct and protect the interests of older minors
differently from younger ones. See Boyd, 795 S.W.2d at 275. In 1973, the legal age of majority
was set at eighteen for many purposes, including the legal drinking age under the Alcoholic
Beverage Code. Id. In 1981, the legal drinking age was raised to nineteen, and in 1985 the age
was raised again to twenty-one. The latter act was taken for the express purpose of avoiding a cut-off of federal highway maintenance funds. Id. 
          The age of majority, except as provided by the Alcoholic Beverage Code, is eighteen. 
Tex. Civ. Prac. & Rem. Code Ann. § 129.001 (Vernon Supp. 1992). An eighteen-year-old can
marry, vote, contract, and go to war. Parents are not liable for the actions of a child eighteen
years of age or older. Tex. Fam. Code Ann. § 33.01 (Vernon 1986). In every respect, except
under section 106.03 of the Alcoholic Beverage Code, an eighteen-year-old is by law an
adult—presumably capable of making adult decisions. Thus, treating eighteen-, nineteen-, and
twenty-year-olds the same as other adults for liquor liability purposes is not arbitrary and
unreasonable.
          Appellants argue that they are within a class of individuals that the legislature is seeking
to protect from the consequences of minors' purchases of alcoholic beverages, citing Evans v. J.O.
Leemo, Inc., 714 S.W.2d 394 (Tex. App.—Corpus Christi 1985), aff'd sub nom, El Chico v.
Poole, 732 S.W.2d 306 (Tex. 1987). Because they are within the class to be protected, Appellants
contend that they should have the same right to bring suit against a seller of alcohol to an eighteen-year-old as they would against one who sells to a seventeen-year-old. Appellants argue, without
citing any authority, that their inability to sue the latter is an "obvious violation" of the equal
protection clauses of the United States and Texas Constitutions.
          A strong presumption exists that a valid legislative enactment is constitutional. Vinson v.
Burgess, 773 S.W.2d 263, 266 (Tex. 1989). The burden to prove otherwise is on the party
attacking the constitutionality of the enactment. Texas Public Building Authority v. Mattox, 686
S.W.2d 924, 927 (Tex. 1985). Equal protection mandates similar treatment under the law for
those who are similarly situated. Cf. Peyote Way Church of God, Inc. v. Thornburgh, 922 F.2d
1210, 1214 (5th Cir. 1991). Appellants fail to show how they are being treated differently than
any other person similarly situated. Appellants fail to overcome the presumption that the dram
shop act is unconstitutional. See Texas Public Building Authority, 686 S.W.2d at 927. We
overrule points four through six. 
          Appellants are not without a remedy. The dram shop act does not affect their right to bring
a common-law cause of action against Nishimuta. See Tex. Alco. Bev. Code Ann. § 2.01. 
However, they cannot prevail against the provider of the alcohol unless they can prove that it was
apparent to the provider that Nishimuta was obviously intoxicated at the time of the sale, was a
clear danger to himself and others, and that his intoxication proximately caused Appellants'
damages. See id. § 2.02(b). 
          When a defendant moves for summary judgment without asserting an affirmative defense,
it must disprove as a matter of law one or more of the elements essential to the plaintiff's cause
of action. Anderson v. Snider, 808 S.W.2d 54, 55 (Tex. 1991). In deciding whether there is a
disputed material fact issue, we will take as true all evidence favorable to the non-movant and will
resolve any doubt and make every reasonable inference in favor of the non-movant. See Nixon
v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985).
          Chapter 2 of the Alcoholic Beverage Code creates the exclusive remedy for providing
alcoholic beverages to a person eighteen years of age or older. Tex. Alco. Bev. Code Ann. §
2.03; Boyd, 795 S.W.2d at 273. Liability may be imposed upon the provider only if it is shown
that (1) at the time of the sale it was apparent to the provider that the individual being sold the
alcoholic beverage was obviously intoxicated to the extent that he presented a clear danger to
himself and others; and (2) the intoxication of the recipient of the alcoholic beverage was the
proximate cause of the damages suffered. Id. § 2.02(b). Appellees moved for summary judgment
on the grounds that Nishimuta was over the age of eighteen and was not intoxicated at the time of
the sale. Attached to the summary judgment motion was Nishimuta's deposition testimony that
he was sober and had consumed no alcoholic beverages before the purchase in question. 
Appellants, in their response to the motion for summary judgment, did not dispute Nishimuta's
testimony. Instead, they made the same arguments that they have made on appeal—i.e., arbitrary
and unreasonable interpretation, denial of due process and equal protection, violation of the open-courts doctrine. We have overruled these grounds.
          The undisputed summary judgment evidence conclusively established that no genuine issue
of material fact exists as to at least one element of each of the Appellants' causes of
action—obvious intoxication. Because there is no genuine issue of fact as to the element of
intoxication, Appellees were entitled to judgment as a matter of law. See Anderson, 808 S.W.2d
at 55. 
          We affirm the judgment.
                                                                                 BILL VANCE
                                                                                 Justice
Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed October 21, 1992
Publish