Isaias MATA, et al.

v.

David M. SCHOCH, et al.

Civ.A. No. B-05-59.

United States District Court,
S.D. Texas,
Brownsville Division.

July 15, 2005.

Phil A. Bellamy, Attorney at Law, Brownsville, TX, for Isaias Mata.

Elizabeth Guerrero Christ, Ransome & Ray PC, Brownsville, TX, Stuart Jason Diamond, Attorney at Law, South Padre Island, TX, for David M. Schoch.

### MEMORANDUM OPINION AND ORDER

HANEN, District Judge.

Plaintiffs' Original Petition was filed April 5, 2002, in the 357th Judicial District Court in Cameron County, Texas. (Docket No. 3, Ex. 2). On December 21, 2004, the case was removed to the United States Bankruptcy Court for the Southern District of Texas, Brownsville Division, based on Defendant filing a voluntary Chapter 11 petition under 11 U.S.C. § 101. (Bankruptcy Petition No. 04-11644, Docket No. 1). On February 23, 2005, this Court withdrew the reference with respect to this claim (Docket 1) and then later set a trial schedule to resolve this contested matter (Docket 25). On May 6, 2005, Defendant Mario Lopez-Olivarez ("Lopez") filed a Motion for Summary Judgment and Severance. (Docket No. 27). On May 26, 2005, Plaintiffs filed their Response to the motion for summary judgment. (Docket No. 28). Defendant claims that Plaintiffs have no cause of action against him under the Texas Dram Shop Act. TEX. ALCO. BEV. CODE § 2.02. For the reasons elaborated below the Court hereby **GRANTS** Defendant's motion (Docket No. 27), and **DISMISSES** Plaintiffs' complaint against Defendant Mario Lopez-Olivarez with prejudice.

## I. ALLEGATIONS

Plaintiffs allege that on July 8, 2002, Jose Angel Torres, Jr. came to Mario's Bar in Port Isabel, Texas where he was served alcoholic beverages even though it was apparent to Defendants including Lopez, the manager at Mario's Bar, that Torres was visibly intoxicated. Later that night Torres drove his vehicle off the roadway and struck Isaias Mata, Jr., a pedestrian, causing him severe bodily injuries that resulted in his death. Plaintiffs, as administrators of the estate of Isaias Mata, Jr., brought suit against Lopez and Club Zipper's Inc. d/b/a Mario's Bar, David M. Schoch, Ernesto "Ernie" Garza Jr., Daniel "Bubba" Baecker, Debra Stukey, and George Stukey d/b/a SPI Security for the wrongful death of Isaias Mata.

The Plaintiffs' claim that the defendants' negligence led to the wrongful death of Isaias Mata, Jr. is laid out in an ambiguous manner in his Fourth Amended Original Petition. (Docket No. 35, Ex. 58). Plaintiffs never specifically asserted that the defendants were negligent for failing to comply with the criteria established in the Texas Dram Shop Act. Nevertheless, this Court assumes that the negligence claims are being brought pursuant to the Texas Dram Shop Act since this statute governs the conduct present in this case and precludes any other cause of action. Lopez alleges he is not liable under the Dram Shop Act as a matter of law.

## II. DISCUSSION

### A. STANDARD FOR SUMMARY JUDGEMENT

A Motion for Summary Judgment is properly granted when the movant establishes that there is "no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law." FED. R. CIV. P. 56. A fact is material if it might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute concerning a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* Therefore, summary judgment is proper if, under governing law, there is only one reasonable conclusion as to the verdict; if reasonable finders of fact could resolve a factual issue in favor of either party, summary judgment should not be granted. *Id.* at 249, 106 S.Ct. 2505.

### B. TEXAS DRAM SHOP ACT

Historically, an alcohol provider owed no duty to third persons for injuries caused by the provision of alcohol. The consumption of alcohol, rather than the provision of it, was considered the sole proximate cause of injury to the third person. In 1987, the Supreme Court of Texas recognized for the first time a common law duty owed by commercial providers of alcohol to third parties in *El Chico Corp. v. Poole*, 732 S.W.2d 306, 309 (Tex.1987). During the same week that *El Chico* was handed down, the Texas Legislature superceded the newly recognized common law duty by amending the Texas Alcohol Beverage Code (TABC) with the Dram Shop Act. TEX. ALCO. BEV. CODE §§ 2.01–2.03.

Under the Texas Dram Shop Act, providing, selling, or serving alcoholic beverages may be the basis of a statutory cause of action if at the time the alcohol was provided, it was apparent to the provider that the individual being sold, served, or provided with an alcoholic beverage was obviously intoxicated to the extent that he presented a clear danger to himself and others. TEX. ALCO. BEV. CODE § 2.02. Furthermore, the intoxication of the recipient of the alcoholic beverage needed to be a proximate cause of the damages suffered. *Id.*

Lopez alleges that the Texas Dram Shop Act does not apply to him because he was not a "provider" as statutorily defined in Section 2.01. A provider is a person who sells or serves an alcoholic beverage under authority of a license or permit issued under the terms of the code or who otherwise sells an alcoholic beverage to an individual. TEX. ALCO. BEV. CODE § 2.01(1). Lopez claims he was not a provider because he did not sell or serve alcohol to Torres. According to Lopez's uncontroverted affidavit he never personally sold or served alcohol to Torres. Furthermore, Plaintiffs have neither alleged in their complaint nor provided any testimony or summary judgment evidence that Lopez sold or served Torres alcohol.

When construing the definition of provider under the Texas Dram Shop Act, courts have placed special emphasis on the elements of serving and selling alcohol. Courts have allowed causes of action to be brought under the Texas Dram Shop Act where the defendant was the person who actually sold or served alcohol. *See F.F.P., Operating Ptnrs., L.P. v. Duenez,* 69 S.W.3d 800, 803 (Tex.App.—Corpus Christi 2002), *aff'd* 2005 Tex. LEXIS 271 (Tex. Apr. 8, 2005)(pending publication) (involving motorists injured by a collision with an intoxicated driver who brought suit against convenience store owner who had sold beverages to driver); *Borneman v. Steak & Ale, Inc.,* 22 S.W.3d 411, 412 (Tex.2000) (involving corporation sued under Dram Shop Act when its restaurant sold alcohol to patron who was later involved in a car accident). In *Love v. D. Houston, Inc.,* 67 S.W.3d 244 (Tex.App.— Houston [1st Dist.] 2000), *aff'd* 92 S.W.3d 450 (Tex.2002), it was stated that the Texas Dram Shop Act applies to employers when they serve or sell alcoholic beverages to guests or employees. *Id.* at 246.

Cases involving situations where it has been decided that the statutory definition of provider has not been fulfilled seem to rely on an absence of alcohol being sold or served. For example, in *Schmidt v. Centex Beverage, Inc.,* 825 S.W.2d 791, 794 (Tex.App.—Austin 1992, no writ), it was held that a whole sale beer distributer was not responsible for the tortious activities of individuals to whom they did not directly sell beer. In that case, the plaintiff had trespassed upon the grounds of the Austin Aqua Fest and was confronted by a group of people, including Aqua Fest volunteers. During an ensuing struggle, the plaintiff suffered a broken neck and subsequent paralysis. In his suit against the beer distributor, he alleged that the volunteers who confronted him were intoxicated and belligerent as a result of Aqua Fest's policy of providing free beer to its volunteer workers, which was made possible by the wholesaler distributor's sale of beer to Aqua Fest. Noting that Section 2.02 of the Act only applied to "providers" who sold or served an alcoholic beverage to an individual, the court held that a cause of action under that section did not extend to a wholesale beer distributor under those facts. *See also, Sewell v. Smith,* 819 S.W.2d 565, 569 (Tex.App.—Dallas 1991), *aff'd,* 858 S.W.2d 350 (stating the owner of property on which a bar operated was not a provider as defined by the statute and accordingly was not liable to an intoxicated patron under the Dram Shop Act); *Moore v. Shoreline Ventures, Inc.,* 903 S.W.2d 900, 903 (Tex.App.—Beaumont 1995, no writ), (holding that a tavern was not a provider within the meaning of the dram shop statute where it merely permitted a motorist to use its restroom prior to a collision with the plaintiff's auto but did not provide, sell, or serve alcoholic beverages to the motorist).

When evaluating a summary judgment motion the pleadings, depositions, answers

138

to interrogatories, and admissions on file, together with the affidavits must be viewed in the light most favorable to the non-movant. *Brennan v. Mercedes Benz USA,* 388 F.3d 133, 135 (5th Cir.2004). According to Lopez's affidavit he never personally sold or served alcohol to Torres. Plaintiffs have neither alleged in their complaint nor provided any contradictory evidence that Lopez personally served or sold Torres alcohol. Since non-movant has not provided any evidence that contradicts Defendant's contention, a summary judgment is proper.

## III. Conclusion

For the forgoing reasons the Court hereby **GRANTS** Mario Lopez–Olivarez's Motion for Summary Judgment (Docket 27). Mario Lopez–Olivarez is **DISMISSED** from this case with prejudice, and any pending motions, including the Motion for Severance (Docket 27), are hereby **DENIED** as moot.